IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION



FILED

JUL 1 1 2016

Clerk, U.S. District Court
District Of Montana
Helena

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>(1) JAMES TARPEY;<br>(2) PROJECT PHILANTHROPY, INC. d/b/a DONATE FOR A CAUSE;<br>(3) TIMESHARE CLOSINGS, INC. d/b/a RESORT CLOSINGS, INC.;<br>(4) RON BROYLES;<br>(5) CURT THOR; and<br>(6) SUZANNE CROWSON f/k/a SUZANNE TARPEY;<br><br>                Defendants. | No. CV 15-72-BU-SEH<br><br>ORDER |

Defendants James Tarpey, Timeshare Closings, Inc. d/b/a Resort Closings, Inc., and Project Philanthropy, Inc. have moved to dismiss Defendant Roy Broyles' crossclaim.[1]

The crossclaim as pleaded is inadequate to satisfy the pleading requirements

---

[1] *See* Docs. 65 and 67.

-1-

of *Bell Atlantic Corporation v. Twombley*[2] and *Ashcroft v. Iqbal*[3] and later Ninth Circuit decisions. In *Moss v. U.S. Secret Service*, the Ninth Circuit noted that "[p]rior to *Twombly*, a complaint would not be found deficient if it alleged a set of facts consistent with a claim entitling the plaintiff to relief."[4] However, post-*Twombly*, complaints only alleging "labels and conclusions," "formulaic recitation[s]" or "naked assertion[s]" are inadequate pleadings and will not survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss.[5] Instead, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[6] "Dismissal is proper when the complaint does not make out a cognizable legal theory or does not allege sufficient facts to support a cognizable legal theory."[7]

ORDERED:

Defendants' James Tarpey and Timeshare Closings, Inc. d/b/a Resort

---

[2] 550 U.S. 544 (2007).

[3] 556 U.S. 662 (2009).

[4] *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (citation omitted).

[5] *Twombly*, 550 U.S. at 555, 557.

[6] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see Cousins v. Lockyer*, 568 F.3d 1063, 1067-68 (9th Cir. 2009) (finding the same).

[7] *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (citation omitted).

Closings, Inc. Motion to Dismiss Defendant Ron Broyles' Crossclaim[8] and Defendant Project Philanthropy, Inc.'s Motion to Dismiss Defendant Ron Broyles' Crossclaim[9] are GRANTED, subject to leave to and including July 22, 2016, in which to file an amended crossclaim meeting the pleadings requirements of *Twombly* and *Iqbal*, and current Ninth Circuit precedent.

DATED this 11th day of July, 2016.

*/s/ Sam E. Haddon*
SAM E. HADDON
United States District Court

---

[8] Doc. 65.

[9] Doc. 67.