

**FILED**

SEP 28 2016

Clerk, U.S. District Court
District Of Montana
Helena

UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:15-cv-00072-SEH |
| Plaintiff, | |
| v. | |
| (1) JAMES TARPEY; <br> (2) PROJECT PHILANTHROPY, INC. d/b/a DONATE FOR A CAUSE; <br> (3) TIMESHARE CLOSINGS, INC. d/b/a RESORT CLOSINGS, INC.; <br> (4) RON BROYLES; <br> (5) CURT THOR; and <br> (6) SUZANNE CROWSON f/k/a SUZANNE TARPEY; | **FINAL JUDGMENT OF PERMANENT INJUNCTION AGAINST TIMESHARE CLOSINGS, INC. d/b/a RESORT CLOSINGS, INC.** |
| Defendants. | |

Before the Court is the United States' Unopposed Motion to Enter Stipulated Permanent Injunction against Timeshare Closings, Inc. d/b/a Resort Closings, Inc. Upon consideration of the stipulation and the record in this case, the Court enters final judgment as set forth below.

A. The Court has personal jurisdiction over Timeshare Closings, Inc.

B. The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402 and 7408.

C. Pursuant to Fed. R. Civ. P. 54(b), "there is no just reason for delay" in granting the relief requested.

D. Pursuant to 26 U.S.C. §§ 7402 and 7408, Timeshare Closings, Inc. is PERMANENTLY BARRED from directly or indirectly:

    (a) preparing (or assisting others in preparing) any property appraisal that will be used in connection with federal taxes;

    (b) encouraging or advising (or assisting others in encouraging or advising) others to claim charitable contribution deductions on any federal tax return; and

    (c) organizing, promoting, selling, marketing or advising with respect to (or assisting others in organizing, promoting, selling, marketing or advising with respect to) any plan or arrangement regarding charitable contribution deductions claimed on federal tax returns.

E. Pursuant to 26 U.S.C. § 7402, Timeshare Closings, Inc. is ORDERED to prominently display a copy of the final judgment of permanent injunction in this case on the front page of all websites it controls, maintains, or uses to advertise or market timeshare donations.

F. Pursuant to 26 U.S.C. § 7402, Timeshare Closings, Inc. is ORDERED to provide, within 30 days of entry of the judgment in this case, a copy of the judgment in this case to all of its employees involved with timeshare donations and all of its independent contractors involved with timeshare donations, and provide to counsel for the United States within 30 days of the Court's judgment a signed and dated acknowledgment of receipt for each person who was provided such a copy.

G. Pursuant to 26 U.S.C. § 7402, Timeshare Closings, Inc. is ORDERED to file with the Court, within 45 days of entry of the judgment in this case, a certification signed under penalty of perjury that it has complied with paragraphs E and F above.

H. The United States is permitted to engage in post-judgment discovery to ensure and monitor compliance with the judgment in this case.

I. The Court will retain jurisdiction over this action for the purpose of implementing and enforcing the judgment in this case.

J. Pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure, entry of the judgment in this case binds only the following who receive actual notice of it by personal service or otherwise:

    a. Timeshare Closings, Inc.;

    b. Timeshare Closings, Inc.'s officers, agents, servants, employees, and attorneys; and

    c. other persons who are in active concert or participation with anyone described in (a) or (b).

IT IS FURTHER ORDERED that Timeshare Closings, Inc. has waived any and all right to appeal from this judgment.

IT IS FURTHER ORDERED that the Clerk is directed to enter final judgment in favor of the United States and against Timeshare Closings, Inc.

DATED this __28th__ day of September, 2016.

*Sam E. Haddon*
SAM E. HADDON
United States District Judge