FILED

SEP 28 2016

Clerk, U.S. District Court
District Of Montana
Helena

UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
BUTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:15-cv-00072-SEH |
| Plaintiff, | ) | |
| v. | ) | |
| (1) JAMES TARPEY; | ) | **FINAL JUDGMENT OF** |
| (2) PROJECT PHILANTHROPY, INC. d/b/a DONATE FOR A CAUSE; | ) | **PERMANENT INJUNCTION AGAINST PROJECT** |
| (3) TIMESHARE CLOSINGS, INC. d/b/a RESORT CLOSINGS, INC.; | ) | **PHILANTHROPY, INC. d/b/a DONATE FOR A** |
| (4) RON BROYLES; | ) | **CAUSE** |
| (5) CURT THOR; and | ) | |
| (6) SUZANNE CROWSON f/k/a SUZANNE TARPEY; | ) | |
| Defendants. | ) | |

Before the Court is the United States' Unopposed Motion to Enter Stipulated Permanent Injunction against Project Philanthropy, Inc. d/b/a Donate For A Cause. Upon consideration of the stipulation and the record in this case, the Court enters final judgment as set forth below.

A. The Court has personal jurisdiction over Project Philanthropy, Inc.

B. The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402 and 7408.

C. Pursuant to Fed. R. Civ. P. 54(b), "there is no just reason for delay" in granting the relief requested.

D. Pursuant to 26 U.S.C. §§ 7402 and 7408, Project Philanthropy, Inc. is PERMANENTLY BARRED from directly or indirectly:

> (a) preparing (or assisting others in preparing) any property appraisal that will be used in connection with federal taxes;
>
> (b) encouraging or advising (or assisting others in encouraging or advising) others to claim charitable contribution deductions on any federal tax return; and
>
> (c) organizing, promoting, selling, marketing or advising with respect to (or assisting others in organizing, promoting, selling, marketing or advising with respect to) any plan or arrangement regarding charitable contribution deductions claimed on federal tax returns.

Provided that, to the extent Project Philanthropy, Inc. undertakes any activities necessary and appropriate to wind up its affairs in pursuit of corporate dissolution pursuant to D.C. Code § 29-412, such activities shall not be enjoined by Paragraph D(a).

E. Pursuant to 26 U.S.C. § 7402, Project Philanthropy, Inc. is ORDERED to use its reasonable best efforts to identify and collect the names, addresses, e-mail addresses, phone numbers, and Social Security or other tax identification numbers, of all customers for whom it accepted a timeshare donation since 2010.

F. Pursuant to 26 U.S.C. § 7402, Project Philanthropy, Inc. is ORDERED to produce to counsel for the United States within 30 days of entry of judgment in this case all of the information that it collected in compliance with paragraph E above.

G. Pursuant to 26 U.S.C. § 7402, Project Philanthropy, Inc. is ORDERED to use its reasonable best efforts to distribute by electronic mail, within 30 days of entry of the judgment in this case and at its own expense, a copy of the judgment in this case to each individual referenced in paragraph E above.

H. Pursuant to 26 U.S.C. § 7402, Project Philanthropy, Inc. is ORDERED to prominently display, within seven (7) days of entry of the judgment in this case, a copy of the final judgment of permanent injunction in this case on the front page of all websites it controls, maintains, or uses to advertise or market timeshare donations, including but not limited to www.donateforacause.org.

I. Pursuant to 26 U.S.C. § 7402, Project Philanthropy, Inc. is ORDERED to provide, within 30 days of entry of the judgment in this case, a copy of the judgment in this case to all of its current directors, voting members, board members, officers, employees, independent contractors and any other individual that currently has a donateforacause.org email address in his or her name, and provide to counsel for the United States within 45 days of the entry of judgment in this case a signed and dated acknowledgment of receipt for each person who was provided such a copy.

J. Pursuant to 26 U.S.C. § 7402, Project Philanthropy, Inc. is ORDERED to file with the Court, within 45 days of entry of the judgment in this case, a

certification signed under penalty of perjury that it has complied with paragraphs E-I above.

K. The United States is permitted to engage in post-judgment discovery to ensure and monitor compliance with the judgment in this case.

L. The Court will retain jurisdiction over this action for the purpose of implementing and enforcing the judgment in this case.

M. Pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure, entry of the judgment in this case binds only the following who receive actual notice of it by personal service or otherwise:

    a. Project Philanthropy, Inc.;

    b. Project Philanthropy, Inc.'s officers, agents, servants, employees, and attorneys; and

    c. other persons who are in active concert or participation with anyone described in (a) or (b).

IT IS FURTHER ORDERED that Project Philanthropy, Inc. has waived any and all right to appeal from this judgment.

//

//

//

//

IT IS FURTHER ORDERED that the Clerk is directed to enter final judgment in favor of the United States and against Project Philanthropy, Inc.

DATED this 28th day of September, 2016.

*/s/ Sam E. Haddon*
SAM E. HADDON
United States District Judge