FILED
SEP 29 2016
Clerk, U.S. District Court
District Of Montana
Helena

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>(1) JAMES TARPEY;<br>(2) PROJECT PHILANTHROPY, INC. d/b/a DONATE FOR A CAUSE;<br>(3) TIMESHARE CLOSINGS, INC. d/b/a RESORT CLOSINGS, INC.;<br>(4) RON BROYLES;<br>(5) CURT THOR; and<br>(6) SUZANNE CROWSON f/k/a SUZANNE TARPEY;<br><br>Defendants. | No. CV 15-72-BU-SEH<br><br>ORDER |

Plaintiff United States commenced this action on November 23, 2015, against James Tarpey ("Tarpey"), Project Philanthropy, Inc. d/b/a Donate For a Cause ("Project Philanthropy"), Timeshare Closings, Inc. d/b/a Resort Closings, Inc. ("Timeshare Closings"), Ron Broyles ("Broyles"), Curt Thor, and Suzanne Crowson f/k/a Suzanne Tarpey, for alleged violation of 26 U.S.C. §§ 6700, 6701, and 6695A.

On July 11, 2016, the Court dismissed the crossclaim of Broyles against Tarpey, Project Philanthropy, and Timeshare Closings for inadequacy of pleading requirements under *Bell Atlantic Corporation v. Twombley*[1] and *Ashcroft v. Iqbal*[2] and later Ninth Circuit decisions. An amended crossclaim was filed with leave of court on July 20, 2016. Fully briefed motions to dismiss the amended crossclaim are pending.

On February 24, 2016, the Court issued a Final Judgment of Permanent Injunction Against Curt Thor. Final judgment for permanent injunctions against Tarpey, Project Philanthropy, and Timeshare Closings was entered on September 28, 2016.

The amended crossclaim against Tarpey, Project Philanthropy, and Timeshare Closings, like the original crossclaim, fails to meet or satisfy minimal *Twombley* and *Iqbal* standards. Necessary factual predicates are not pleaded,[3] the factual basis for claiming a right to seek indemnification is not shown, and the

---

[1] 550 U.S. 544 (2007).

[2] 556 U.S. 662 (2009).

[3] *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) ("'[W]e do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'") (quoting *Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009)).

attempt to cure pleading deficiencies by wholesale adoption by reference to other pleadings is wide of the mark of the specificity of pleading required. In addition, Broyles effort to inject California law by reference to a single provision of the California Civil Code as the appropriate substantive choice of law to be applied in addressing crossclaim issues is itself unwarranted and unjustified.[4]

ORDERED:

1. Broyles was given the opportunity to amend his crossclaim to "get it right." He has failed to do so. An additional leave to further amend will not be accorded.

2. The renewed motions to dismiss Broyles crossclaim filed by James Tarpey, Project Philanthropy, and Timeshare Closings[5] are each and all GRANTED.

DATED this 29th day of September, 2016.

/s/ Sam E. Haddon

SAM E. HADDON
United States District Court

---

[4] *See Paulsen*, 559 F.3d at 1080 ("In a federal question action that involves supplemental jurisdiction over state law claims, we apply the choice of law rules of the forum state . . . .")

[5] Docs. 79, 81.