UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 2:15-cv-00072-SEH |
| Plaintiff, ) | |
| v. ) | |
| (1) JAMES TARPEY; ) <br> (2) PROJECT PHILANTHROPY, INC. ) <br> d/b/a DONATE FOR A CAUSE; ) <br> (3) TIMESHARE CLOSINGS, INC. ) <br> d/b/a RESORT CLOSINGS, INC.; ) <br> (4) RON BROYLES; ) <br> (5) CURT THOR; and ) <br> (6) SUZANNE CROWSON ) <br> f/k/a SUZANNE TARPEY; ) <br> Defendants. ) | **FINAL JUDGMENT OF PERMANENT INJUNCTION AGAINST SUZANNE CROWSON f/k/a SUZANNE TARPEY** |

Before the Court is the United States' Unopposed Motion to Enter Stipulated Permanent Injunction against Suzanne Crowson f/k/a Suzanne Tarpey ("Suzanne Tarpey"). Upon consideration of the stipulation and the record in this case, the Court enters final judgment as set forth below.

A. The Court has personal jurisdiction over Suzanne Tarpey.

B. The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402 and 7408.

C. Pursuant to Fed. R. Civ. P. 54(b), "there is no just reason for delay" in granting the relief requested.

-1-

D. Pursuant to 26 U.S.C. §§ 7402 and 7408, Suzanne Tarpey is

PERMANENTLY BARRED from directly or indirectly:

> a. preparing (or assisting others in preparing) any property appraisal that will be used in connection with federal taxes;
>
> b. encouraging or advising (or assisting others in encouraging or advising) others to claim charitable contribution deductions on any federal tax return; and
>
> c. organizing, promoting, selling, marketing or advising with respect to (or assisting others in organizing, promoting, selling, marketing or advising with respect to) any plan or arrangement regarding charitable contribution deductions claimed on federal tax returns.

E. Pursuant to 26 U.S.C. § 7402, Suzanne Tarpey is ORDERED to use her reasonable best efforts to identify and collect the names, addresses, e-mail addresses, phone numbers, and Social Security or other tax identification numbers, of all customers for whom she provided a timeshare appraisal since 2010.

F. Pursuant to 26 U.S.C. § 7402, Suzanne Tarpey is ORDERED to produce to counsel for the United States within 30 days of entry of judgment in this case all of the information that she collected in compliance with paragraph E above.

G. Pursuant to 26 U.S.C. § 7402, Suzanne Tarpey is ORDERED to send by regular mail or electronic mail, within 45 days of entry of the judgment in this case and at her own expense, a copy of the judgment in this case to each individual identified in paragraph E above. The mailings may include a cover letter, but such letter must be in a form either agreed to by counsel for the United States or

approved by this Court, and shall not include any other documents or enclosures, unless agreed to by counsel for the United States or approved by this Court.

H. Pursuant to 26 U.S.C. § 7402, Suzanne Tarpey is ORDERED to prominently display a copy of the final judgment of permanent injunction in this case on the front page of all websites she controls, maintains, or uses to advertise or market timeshare donations.

I. Pursuant to 26 U.S.C. § 7402, Suzanne Tarpey is ORDERED to provide, within 30 days of entry of the judgment in this case, a copy of the judgment in this case to all of her employees involved with timeshare donations and all of her independent contractors involved with timeshare donations, and provide to counsel for the United States within 30 days of the Court's judgment a signed and dated acknowledgment of receipt for each person who was provided such a copy.

J. Pursuant to 26 U.S.C. § 7402, Suzanne Tarpey is ORDERED to file with the Court, within 60 days of entry of the judgment in this case, a certification signed under penalty of perjury that she has complied with paragraphs E, F, G, H, and I above.

K. The United States is permitted to engage in post-judgment discovery to ensure and monitor compliance with the judgment in this case.

L. The Court will retain jurisdiction over this action for the purpose of implementing and enforcing the judgment in this case.

M. Pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure, entry of the judgment in this case binds the following who receive actual notice of it by personal service or otherwise:

   a. Suzanne Tarpey;

   b. Suzanne Tarpey's officers, agents, servants, employees, and attorneys; and

   c. other persons who are in active concert or participation with anyone described in (a) or (b).

IT IS FURTHER ORDERED that Suzanne Tarpey has waived any and all right to appeal from this judgment.

IT IS FURTHER ORDERED that the Clerk is directed to enter final judgment in favor of the United States and against Suzanne Tarpey.

DATED this 27th day of October, 2016.

*Sam E. Haddon*
SAM E. HADDON
United States District Judge