# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## BUTTE DIVISION

FILED
MAR 29 2017
Clerk, U.S. District Court
District Of Montana
Helena

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CV 15-72-BU-SEH |
| vs. | |
| (1) JAMES TARPEY; <br> (2) PROJECT PHILANTHROPY, INC. d/b/a DONATE FOR A CAUSE; <br> (3) TIMESHARE CLOSINGS, INC. d/b/a RESORT CLOSINGS, INC.; <br> (4) RON BROYLES; <br> (5) CURT THOR; and <br> (6) SUZANNE CROWSON f/k/a SUZANNE TARPEY; | **ORDER** |
| Defendants. | |

On February 10, 2017, the Unites States filed a Motion for Summary Judgment against Defendant Ron Broyles ("Broyles"). As of December 13, 2016, Broyles was deemed to have elected to appear *pro se* in this case.[1] A response to the motion by Broyles was due by March 6, 2017. No response by Broyles was filed.

---

[1] Doc. 112.

On March 7, 2017, the Court set a hearing on the motion for March 29, 2017.[2] A copy of the March 7, 2017, Order was to be personally served upon Broyles at the address provided in the Certificate of Service attached to Crowley Fleck PLLP's Notice of Service of Order[3] filed on November 2, 2016.

On March 27, 2017, an unexecuted Process Receipt and Return was filed, indicating service upon Broyles was attempted on March 8, 2017, and March 13, 2017.[4]

A hearing on the United States' Motion for Summary Judgment was held on March 29, 2017. Harris Phillips, Esq. and Gretchen Nygaard, Esq. were present on behalf of the United States. Broyles was not present.

Under Fed. R. Civ. P. 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5] "The moving party bears the initial burden of establishing the absence of a genuine issue of material fact."[6] "Once the

---

[2] *See* Doc. 120.

[3] Doc. 109.

[4] *See* Doc. 121.

[5] Fed. R. Civ. P. 56(a).

[6] *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

moving party has met its initial burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and identify facts which show a genuine issue for trial."[7] If the nonmoving party "fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials–including the facts considered undisputed–show that the movant is entitled to it."[8]

Consideration of the United States' Motion for Summary Judgment,[9] Brief in Support of United States' Motion for Summary Judgment,[10] Statement of Undisputed Facts,[11] and the Declaration of Harris J. Phillips,[12] with attached exhibits, establishes there is no genuine issue of material fact. Broyles has failed to respond or otherwise appear. Summary judgment in favor of the United States is appropriate.

---

[7] *Id.* (citing *Celotex Corp.*, 477 U.S. at 323-24).

[8] Fed. R. Civ. P. 56(e)(3).

[9] Doc. 116.

[10] Doc. 119.

[11] Doc. 117.

[12] Doc. 118.

Based upon the record made in open court,

ORDERED:

1. The United States' Motion for Summary Judgment[13] seeking a permanent injunction against Broyles is GRANTED.

2. A Final Judgment of Permanent Injunction Against Ron Broyles will be filed concurrently with this Order.

3. A copy of this Order and the Final Judgment of Permanent Injunction Against Ron Broyles shall be personally served upon Broyles by the United States Marshal on or before April 14, 2017, at his last known address as provided to the Court:

> Ron Broyles
> 71 Yosemite Road
> San Rafael, CA 94903

4. The clerk is directed to mail a copy of this Order and the Final Judgment of Permanent Injunction Against Ron Broyles to the above address.

5. Entry of permanent injunction against Broyles resolves all

---

[13] Doc. 116.

outstanding claims asserted in this case. The clerk is directed to close the case.

DATED this 29th day of March, 2017.

*signature*

SAM E. HADDON
United States District Judge