UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
BUTTE DIVISION

FILED
MAR 29 2017
Clerk, U.S. District Court
District Of Montana
Helena

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:15-cv-00072-SEH |
| Plaintiff, | |
| v. | |
| (1) JAMES TARPEY; <br> (2) PROJECT PHILANTHROPY, INC. d/b/a DONATE FOR A CAUSE; <br> (3) TIMESHARE CLOSINGS, INC. d/b/a RESORT CLOSINGS, INC.; <br> (4) RON BROYLES; <br> (5) CURT THOR; and <br> (6) SUZANNE CROWSON f/k/a SUZANNE TARPEY; | **FINAL JUDGMENT OF PERMANENT INJUNCTION AGAINST RON BROYLES** |
| Defendants. | |

Before the Court is the United States' Motion for Summary Judgment against defendant Ron Broyles. The Court enters final judgment as set forth below.

## **FINDINGS OF FACT**

1. The Court has personal jurisdiction over Ron Broyles.

2. The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402 and 7408.

3. Broyles assisted in the organization of a timeshare donation scheme, and directly participated in and promoted that scheme, which resulted in timeshare owners claiming improper federal tax deductions for donating their timeshares.

4. Broyles prepared at least 5,000 timeshare appraisals for timeshares to be donated to Project Philanthropy, Inc. d/b/a Donate for a Cause.

5. Each of these 5,000 timeshare appraisals contained false or fraudulent statements about the allowability of tax deductions within the meaning of 26 U.S.C. § 6700(a)(2)(A). Broyles knew or had reason to know that these statements were false or fraudulent about material matters.

6. Of these 5,000 timeshare appraisals, at least 1,787 contained gross valuation overstatements of a material matter within the meaning of 26 U.S.C. § 6700(a)(2)(B).

7. Broyles knew that each of these 5,000 timeshare appraisals would be used to prepare portions of federal tax returns, knew that timeshare owners would submit those appraisals in connection with a material matter on those returns, and knew that such portions would result in understatements of tax within the meaning of 26 U.S.C. § 6701.

8. Broyles knew (or reasonably should have known) that 1,787 of these 5,000 timeshare appraisals contained substantial valuation misstatements within the meaning of 26 U.S.C. §§ 6695A and 6662(e). Broyles knew (or reasonably

should have known) that 1,787 of these 5,000 timeshare appraisals contained gross valuation misstatements within the meaning of 26 U.S.C. §§ 6695A and 6662(h).

9. By virtue of his preparation of at least 5,000 timeshare appraisals that contained false or fraudulent statements about the allowability of tax deductions, Broyles has interfered with the enforcement of the internal revenue laws within the meaning of 26 U.S.C. § 7402.

10. Injunctive relief is necessary and appropriate in order to prevent future violations of the internal revenue laws.

## PERMANENT INJUNCTION

11. Pursuant to 26 U.S.C. §§ 7402 and 7408, Ron Broyles is **PERMANENTLY BARRED** from directly or indirectly:

> (a) preparing (or assisting others in preparing) any property appraisal that will be used in connection with federal taxes;
>
> (b) encouraging or advising (or assisting others in encouraging or advising) others to claim charitable contribution deductions on any federal tax return; and
>
> (c) organizing, promoting, selling, marketing or advising with respect to (or assisting others in organizing, promoting, selling, marketing or advising with respect to) any plan or arrangement regarding charitable contribution deductions claimed on federal tax returns.

12. Pursuant to 26 U.S.C. § 7402, Ron Broyles is **ORDERED** to identify and collect the names, addresses, e-mail addresses, phone numbers, and Social

Security or other tax identification numbers, of all timeshare owners for whom he prepared a timeshare appraisal since 2010.

13. Pursuant to 26 U.S.C. § 7402, Ron Broyles is **ORDERED** to produce to counsel for the United States (within **30 days** of entry of judgment in this case) all of the information that he collected in compliance with paragraph 12 above.

14. Pursuant to 26 U.S.C. § 7402, Ron Broyles is **ORDERED** to distribute by mail or email (within **30 days** of entry of the judgment in this case) and at his own expense, a copy of this final judgment of permanent injunction to each timeshare owner referenced in paragraph 12 above. The mailings may include a cover letter, but such letter must be in a form either agreed to by counsel for the United States or approved by this Court, and shall not include any other documents or enclosures, unless agreed to by counsel for the United States or approved by this Court

15. Pursuant to 26 U.S.C. § 7402, Ron Broyles is **ORDERED** to prominently display (within **7 days** of entry of the judgment in this case) a copy of this final judgment of permanent injunction on the front page of all websites he controls, maintains, or uses to advertise or market property appraisals, including but not limited to www.appraisetimeshares.com.

16. Pursuant to 26 U.S.C. § 7402, Ron Broyles is **ORDERED** to provide (within **30 days** of entry of the judgment in this case) a copy of this final judgment

of permanent injunction to all of his current and former employees and independent contractors involved in his appraisal business, and provide to counsel for the United States (within **45 days** of entry of the judgment in this case) a signed and dated acknowledgment of receipt for each person who was provided such a copy.

17. Pursuant to 26 U.S.C. § 7402, Ron Broyles is **ORDERED** to file with the Court (within **45 days** of entry of the judgment in this case) a certification signed under penalty of perjury that he has complied with paragraphs 12 to 16 above.

18. The United States is permitted to engage in post-judgment discovery to ensure and monitor compliance with the judgment in this case.

19. The Court will retain jurisdiction over this action for the purpose of implementing and enforcing the judgment in this case.

20. Pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure, entry of the judgment in this case binds the following who receive actual notice of it by personal service or otherwise:

    a. Ron Broyles;

    b. Ron Broyles' officers, agents, servants, employees, and attorneys; and

    c. other persons who are in active concert or participation with anyone described in (a) or (b).

IT IS FURTHER ORDERED that the Clerk is directed to enter final judgment in favor of the United States and against Ron Broyles.

DATED this 29th day of March, 2017.

*/s/ Sam E. Haddon*
SAM E. HADDON
United States District Judge